Law Offices of Stephen B. Kass, P.C.
225 Broadway, Ste. 711
New York, New York 10007
(212) 843-0050

Hearing Date: 02/19/2015
Time: 10:00 am

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re

HAWK SHAW GOLF CONSTRUCTION CORP.

Chapter 11

Case No. 13-25578

Debtor
------------------------------------------------------------X

**DEBTOR'S APPLICATION FOR AN EXPEDITED ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(f) AND RULES 2002 AND 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE: (i) AUTHORIZING THE IMMEDIATE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AT AN AUCTION SALE, TO THE HIGHEST BIDDER(S), FREE AND CLEAR OF ALL LIENS; (ii) ESTABLISHING BIDDING PROCEDURES; (iii) APPROVING FORM AND MANNER OF NOTICES; AND (iv) GRANTING RELATED RELIEF**

Hawk Shaw Golf Construction Corp., debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, The Law Offices of Stephen B. Kass, P.C., as and for its motion for an emergency order, pursuant to 11 U.S.C. §§ 105(a) and 363(f), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the sale of substantially all of the Debtors' assets (collectively, the "Assets"), at an auction sale conducted by the Debtor's auctioneer, Petrowsky Auctioneers, Inc., to the bidder(s) deemed, in the Debtor's sole discretion, to have submitted the highest and best offer(s), free and clear of all liens, claims and encumbrances, (ii) establishing bidding procedures, (iii) approving form and manner of notices, and (iv) granting such other and further relief that is just; upon information and belief, respectfully sets forth and represents:

**Jurisdiction**

This Court has jurisdiction over this Motion by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b). Venue of this case is proper in this district pursuant to 28 U.S.C. §1408 and 1409. The statutory predicate for the relief sought by this Motion is 11 U.S.C. §§ 105(a) and 363(f), and Bankruptcy Rules 2002 and 6004.

**INTRODUCTION**

1. Pursuant to this Application, the Debtor seeks the entry of an order authorizing and approving the sale, outside of the ordinary course of business, of the Debtor's Assets attached herein in Exhibit "A". The sale is subject to higher and better offers to be made prior to the auction sale scheduled at the hearing on this Application.

**PROCEDURAL HISTORY AND BACKGROUND**

2. On, April 11, 2013 (the"Petition Date"), the Debtor had filed in this Court a petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Code").

3. The Debtor has continued in the management of its affairs and the operation of its business and property as a debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. Prior to the commencement of the Proceeding, the Debtor incurred

obligations to the IRS for outstanding withholding and employment taxes which were due but unpaid.

5.  The Internal Revenue Service (the "IRS") holds a valid, perfected and enforceable lien ("IRS Lien") on all assets of the Debtor, whether real or personal, to secure tax liabilities in the amount of $661,411.93.

6.  The Debtor has filed an application to retain an auctioneer to facilitate itself with the finding of a Buyer for its Equipment.

## DESCRIPTION OF THE ASSETS TO BE SOLD

7.  The Debtor has engaged the following professionals to assist it in the sale process and the administration of its property: The Law Offices of Stephen B. Kass, P.C. as its attorneys, and Petrowsky Auctioneers Inc. as its auctioneer.

8.  The Debtor, together with its professionals, has assessed and cataloged the Assets. The Assets consist of Office Equipment and Furnishings. The Debtor's Assets appear to be encumbered by properly perfected liens, claims, or encumbrances as follows:

> Internal Revenue Service, PO Box 7346,
> Philadelphia, PA. Amount Owed: $661,411.93.

## DESCRIPTION OF OTHER DEBT

9.  <u>Unsecured Claims</u> - The Debtor has approximately $230,000.00 in unsecured debt due primarily to supply companies, professionals and companies who

provided business credit.

<span style="text-decoration: underline;">Priority Tax Debt</span>: The Debtor has approximately $40,000.00 in priority tax debt.

To date, the Debtor has not received a sufficient offer for any or all of the Assets to warrant entering this process with a "stalking horse" bid. The Debtor is concerned that if it waits any longer to find a "stalking horse" bid, the value of the Assets will deteriorate and the estates will incur unnecessary administrative expenses.

## PROJECTED OUTCOME AND THE DATES FOR THE CONSUMMATION OF SALE

10. The only way the Debtor can reorganize and satisfy the claims of secured creditors and partially satisfy unsecured creditors is to partially sell its equipment and reorganize with a smaller leasehold. Accordingly, the Debtor seeks authority to conduct an auction sale of the equipment, and promptly consummate such sale with the party making the highest and best offer thereof. To facilitate such a sale, the Debtor requests that the Court approve certain bidding procedures to be employed in connection with the auction.

The Debtor would like to propose the following procedures and events relating to the auction sale as requested in this Motion.

| PROJECTED DATE | AUCTION OR EVENT |
| --- | --- |
| February 19, 2015 | Order allowing bidding and notice procedures approved. |
| February 20, 2015 | Service of notice of auction sale and signed order allowing bidding procedures. Submission for publication. |
| March 20-21st, | Auction Sale. |
| April 2, 2015 | Entry of Order approving Sale |

## Relief Requested

11.     By this Motion, the Debtor seeks entry of an order (the "Sale Order"), pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, (i) authorizing the sale of the Assets at the Auction Sale, and (ii) establish and approving (a) certain proposed procedures (the "Bidding Procedures") in connection with the Debtor's solicitation of the highest and best offer(s) for the Assets, (b) the scheduling of the Auction Sale, and (c) the form of and method of service of notice of the Bidding Procedures, and the Auction Sale. A copy of the proposed Sale Order is annexed hereto as Exhibit A.

a.      **The Bidding Procedures**

12.     The Debtor believes that the Bidding Procedures, annexed as Exhibit B to the Sale Order, are the procedures most likely to maximize the realizable value of the Assets for the Debtors' estates, their creditors and other interested parties. The principal terms of the Bidding Procedures are as follows:

(i)     Potential Bidder: In order to participate in the Auction Sale, each person (a "Potential Bidder"), must deliver to the Debtor evidence that they have the ability to timely close any proposed transaction.

(ii)    Qualified Bidder: A "Qualified Bidder" is a Potential Bidder that demonstrates its ability to close on any proposed transaction and is in no way, shape or form, related or connected to the Debtor or any of her professionals.

(iii)   Inspection: Potential Bidders will be permitted to inspect the Assets a day scheduled before the Auction Sale and the day of the Auction Sale.

(iv)    The Auction: The Auction will be scheduled as soon as is practicable after entry of the Sale Order. The Auction will be conducted by Petrowsky Auctioneers, Inc., the Debtor's auctioneer, as a traditional "English" auction, whereby Qualified Bidders bid

openly against one another, with each bid being higher than the previous bid.  The auction ends when no participant is willing to bid further, at which point the highest Qualified Bidder pays the price.  The starting price will either be the opening bid, or will be selected by Petrowsky Auctioneers, Inc.  The order in which the Assets are auctioned in will be selected by the Debtor.

b.  **Form and Manner of Notice of the Auction Sale and Bidding Procedures**

13. Notice of this Motion was served upon the following parties by first class mail:  (i) all persons who made their interest in the Debtors' Assets known to the Debtor; (ii) all known creditors of the Debtors; and (iii) all persons who filed UCC-1 financing statements against the Debtors at any time; (iv) all entities having filed a notice of appearance and request of service of papers in the Debtors' cases; and (v) any other parties entitled to notice pursuant to Bankruptcy Rule 2002.

14. The Debtor proposes that upon the entry of the Sale Order, it take the following steps through Petrowsky Auctioneers, Inc to maximize the effectiveness of the Auction Sale: (i) inventory and lot all Assets available for sale and make those lists available to any parties that have shown interest in the Debtors' Assets, any parties that request the list, and any known restaurant owners; (ii) place an advertisement in the NY Times providing notice of the Auction Sale to Potential Bidders; (iii) construct an official flyer for the sale and provide that flyer to Potential Bidders; (iv) place pictures of the Assets, the flyer and inventory lists on Auctioneer's website for review by Potential Bidders; and (v) allow the inspection of the Assets the day prior to, and the morning of, the Auction Sale.

15. The Debtor believes that the foregoing notice is sufficient to provide effective notice of the relief requested in the Motion and of the Auction Sale to all parties entitled to notice and Potential Bidders in a manner designed to maximize the chance of

obtaining the broadest possible participation in the Auction Sale process while minimizing costs to the estate.  Accordingly, the Debtor requests that the Court find this manner of notice sufficient and that no further notice of the hearing on this Motion, the Auction Sale, the Bidding Procedures, the Sale Order or other relief requested in the Motion is necessary.

### Legal Authority

16.    Section 363(b)(1) provides that the "[t]he Debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  The decision to use, sell or lease property of the estate is subject to the exercise of the Debtor's business judgment.  See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983).  Further, to obtain court approval to sell property under section 363(b) of the Bankruptcy Code, a debtor need only show a legitimate business justification for the proposed action.  See id. at 1070.  ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."); Committee of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

### Emergency Approval of the Sale Procedures is sought by Order to Show Cause

17.    As set forth above, the Debtors will reorganize after the sale with a smaller leasehold and significantly less expenses . The estates continue to incur expenses associated with the carrying of the Assets, including rent, utilities and insurance coverage.  It is necessary for the Debtor to promptly liquidate the Assets in order to maximize their value and minimize additional administrative costs incurred by the estate as a direct result of those assets.

18.	The Debtor by Order to Show Cause is requesting the minimum notice set forth in Bankruptcy Rule 2002(a) and the 10 day notice provided for in Local Rule 9006-1(h) be shortened.

### Waiver of Memorandum of Law

19.	The Debtor respectfully requests that this Court waive the requirements of Local Bankruptcy Rule 9013-1(b) that any motion filed shall have an accompanying memorandum of law.  No novel issues of law are presented in this application and many citations to the relevant authority are contained herein.  Accordingly, the Debtor submits that waiver of the requirements of Rule 9013-1(b) is appropriate under these circumstances.

### No Prior Relief

20.	Except as specifically set forth at length above, no prior application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of the Sale Order granting the relief sought as described above, and granting such other and further relief that is just.

Dated:	New York, New York
	February 2, 2015

			LAW OFFICES OF STEPHEN B. KASS, P.C.

			By: /s/ Diana Revzin
			225 Broadway, Ste. 711
			New York, New York 10007
			Tel: (212) 843-0050

Fax: (212) 571-0640

9